IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arcelio Joseph Reybol,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Patrick Tang,<br><br>　　　　　　Defendant. | No. CV21-01697-PHX-MHB<br><br>**ORDER TO SHOW CAUSE** |

Pursuant to Rule 3.7(a) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, all civil cases are randomly assigned to a United States District Judge or to a United States Magistrate Judge. This matter has been assigned to the undersigned United States Magistrate Judge. If and only if all named parties consent in writing, the case will, pursuant to 28 U.S.C. § 636(c)(1), remain with the assigned Magistrate Judge for all purposes, including a trial, if necessary, and the final entry of judgment. If any party chooses the District Judge option, the case will automatically and immediately be randomly reassigned to a District Judge. Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. *See* 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b).

Section 636(c) requires that the parties' decision be communicated to the Clerk of the Court, and Rule 73(b) of the Federal Rules of Civil Procedure provides: "To signify their consent, the parties must jointly or separately file a statement consenting to the referral." To either consent to the jurisdiction of the assigned Magistrate Judge or to elect

to have the case heard before a District Judge, the appropriate section of the relevant form (entitled Consent to Exercise of Jurisdiction by United States Magistrate Judge) must be completed, signed, served on all parties of record, and filed with the Court. ***Each party must file a completed consent form no later than 14 days after they have entered an appearance in the matter***. LRCiv. 3.7(b).

The Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471-482, mandates the early and on-going judicial management of the pretrial process. Pursuant to this mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Additionally, all federal judges are subject to the requirement of Rule 1, Federal Rules of Civil Procedure, that the Rules "be construed to secure the just, speedy and inexpensive determination of every action." *See also Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Plaintiff filed his Complaint on October 5, 2021 (Doc. 1), to date, Plaintiff has not filed the Magistrate Election form, and the form is now more than two weeks past due. The Magistrate Judge notes that Plaintiff has filed a document in which he makes various requests, to include to "remove Magistrate Burns." (ECF No. 14). His requests cannot be resolved until Plaintiff either consents to Magistrate Judge jurisdiction or opts to have the case resolved by a District Judge.

Therefore,

**IT IS ORDERED that Plaintiff shall file a completed consent form** on or before December 3, 2021.  If Plaintiff fails to do so, he must show cause, on or before December 17, 2021, why it should not be sanctioned or be held in contempt of court pursuant to title 18 U.S.C. § 401 for failing to comply Rule 3.7(b) of the Local Rules of Civil Procedure. If Plaintiff complies with Rule 3.7(b) on or before December 3, 2021, by either consenting to

\\\
\\\
\\\

magistrate judge jurisdiction or electing to have the case assigned to a District Judge, the undersigned will automatically vacate this Order to Show Cause.

Dated this 23rd day of November, 2021.

_____
Honorable Michelle H. Burns
United States Magistrate Judge